# Morgan Lewis

**Sam S. Shaulson**
212.309.6718
sam.shaulson@morganlewis.com

April 13, 2026

**VIA ECF**

Hon. Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

**Re:**   *Julia Carreon v. Citigroup Inc. and Citigroup Global Markets Inc.*
        **Case No. 26-cv-00660-LAP-JEW**

Your Honor:

Defendants submit this Reply to support a stay until disposition of their petition to compel arbitration and Plaintiff's motion to transfer, both pending in the Western District of Texas.

*First*, Plaintiff argues that filing the Texas petition was inappropriate because the FAA allows this Court to compel arbitration. Plaintiff ignores this District's settled rule that "[a] court may compel arbitration only within the jurisdiction where the court is located." *Xiaohong v. Dingledine*, 2025 WL 1604001, at *4 (S.D.N.Y. June 6, 2025). It is immaterial that the Arbitration Policy requires Defendants to technically file the arbitration demand because the Court would still be called on to compel Plaintiff to arbitrate in Texas, which it cannot do. Defendants followed the rule because this Court "has no authority to issue an order under section four regarding the arbitration" and thus the "motion" "could not have been brought" here. *Cont'l Cas. Co. v. Hartford Steam Boiler & Inspection & Ins. Co.*, 270 F. Supp. 2d 1015, 1017 (N.D. Ill. 2003); *Lawn v. Franklin*, 328 F. Supp. 791, 793 (S.D.N.Y. 1971) (same); *Bradley v. Bank of Am. Corp.*, No. 1:25-cv-6980, Dkt. 32 (S.D.N.Y. Jan. 22, 2026) (transferring case to Texas because only Texas court could compel arbitration).

*Second*, the arbitral venue here is Austin because that was Plaintiff's last Citi work location. Plaintiff's conclusory statement that her last Citi work location was New

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY 10178-0060
United States

☎ +1.212.309.6000
🖷 +1.212.309.6001

April 13, 2026
Hon. Loretta A. Preska
Page 2

York City is false, as overwhelming evidence submitted in a fully briefed Texas motion shows, including Plaintiff's employment records, her tax representations, and her own social media statements. *Citigroup, Inc. v. Carreon*, No. 1:26-cv-194 (W.D. Tex. Mar. 24, 2026), Dkt. 16.

*Third*, Plaintiff's desire to expedite a decision on the petition to compel is inconsistent with her litigation position. Plaintiff filed a motion to transfer the Texas action, which is fully briefed, and asked that court to stay her briefing on the petition until her transfer motion is decided: the Texas court must "clarif[y] whether it or the Southern District of New York will be resolving the Petition on the merits." *Id.*, Dkt. 21.[1] Having done so, the Texas court should decide her transfer motion and then the petition should be decided by the Texas court, if the transfer motion is denied, or this Court if granted. Further, Plaintiff presents no legitimate argument to deviate from the Southern District of New York's default rule to stay an action pending a petition to compel arbitration. *See* Pre-Motion Letter at 2.

Finally, Plaintiff's argument that Defendants smeared her by quoting her own words in court pleadings is the pot calling the kettle black. Transparently trying to avoid arbitration, Plaintiff filed this action claiming Citi's Head of Wealth, Andy Sieg, sexually harassed her. Plaintiff, in her own words, "organize[d] press coverage in the *Financial Times*" and elsewhere so "the story hit the media immediately" as she wanted to "shap[e] the narrative." The Financial Times headlined that narrative: "Complaint alleges 'unrelenting and egregious sexual harassment' by wealth chief Andy Sieg." But after Defendants set the record straight in court pleadings, quoting Plaintiff's praise and gratitude for Mr. Sieg, she backtracked on her sexual harassment allegations, posting "when I say 'grooming,' it wasn't actual sex. My case is not about sexual harassment in the way [that] most think of it." And in her Texas filing, stating that she "does not allege groping or quid-pro-quo demands for sexual favors" and that "her **favorable treatment** by" Mr. Sieg "was perceived [by others] as based on a romantic relationship with" him. However, Plaintiff's false pleadings and libelous *per se* media posts accusing Mr. Sieg of being a "predator" are for another time and forum.

---

[1] Defendants offered to stay both Actions out of compromise. Plaintiff's counsel refused, stating: "we reject your proposal. Your invite sounds to me like asking for mercy as an orphan after you killed your parents."

April 13, 2026
Hon. Loretta A. Preska
Page 3

We appreciate your consideration of our request.

Respectfully submitted,

*/s/ Sam S. Shaulson*
Sam S. Shaulson

CC: All counsel of record via ECF